IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )   CRIMINAL CASE NO. **CF0223-21**
                )   GPD Report NO. 21-10903
                )
        vs.     )
                )
                )   DECISION AND ORDER
**RICHARD EALAWSA POLL,**  )   RE. DEFENDANT'S MOTION FOR AN
aka Richard Eloisa Poll,   )   ORDER GRANTING A DEFERRED PLEA
DOB: 05/06/1980 )
                )
                Defendant. )
_____ )

## **INTRODUCTION**

This matter came before the Honorable Judge Maria T. Cenzon on Defendant Richard Ealawsa Poll's ("Defendant" or "Defendant Poll") Motion for an Order Granting a Deferred Plea (the "Motion"). Defendant is represented by Assistant Public Defender Peter J. Sablan. Assistant Attorney General Valerie A. Nuesa for the People of Guam ("the People"). On February 25, 2025, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(E) and CR 1.1(g)(4)(B) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the Defendant's Motion, the People's Opposition, the applicable statutes and case law, and the file herein, the Court now issues this Decision and Order **DENYING** the Defendant's Motion for an Order Granting a Deferred Plea.

//

## RELEVANT BACKGROUND

**A.   The Charge against the Defendant.**

On May 11, 2021, a grand jury returned an Indictment against the Defendant, wherein it alleges the following offenses: the First Charge of Strangulation (As a Third Degree Felony), the Second Charge of Interfering with the Reporting of Family Violence (As a Third Degree Felony), and the Third Charge of Family Violence (As a Misdemeanor). *See Indict.* (May 11, 2021). The Declaration of Probable Cause describes the incident, in relevant part, as follows:

> On or about May 4, 2021 at approximately 8:00 A.M., Officers received [sic] complaint of disturbance at a residence on Chalan Rosen Hongyee in Yigo. Officers arrived and met with Jennifer Poll (victim) who stated that her husband, Richard Poll (Defendant) had assaulted her and choked her during an argument.
> Jenifer [sic] stated that an argument began over work, and she walked into the bedroom to avoid an altercation. However, the Defendant followed her and began yelling and throwing things around the bedroom. She was waving her hands around, and as the Defendant got close to her, she stated she accidently [sic] scratched him, but was unsure which side of the face. The Defendant grabbed the table and flipped it upside down and then slapped her.
> The Defendant then choked the victim on her neck and pushed her onto the bed. He then got onto the bed and placed both hands over her mouth and nose, preventing her from breathing. Jenifer [sic] stated she felt like she was about to pass out, before she pulled his hand slightly off her mouth and was able to catch her breath.
> Jenifer [sic] ran to her daughter's room and asked her to call the police. When the Defendant entered the room, she told him that they were calling the police. The Defendant tried to reach around and grab the phone away from his daughter, where they struggled.
> GPD deskwatch officer received the phone call, which stated that the Defendant was "going crazy" and yelled "stop it! Stop hurting her!" The officer could hear a second female crying and screaming, followed by a male voice yelling "You're calling the police?!", before the phone being muffled and the line cutting out.
> Officers met with the Defendant, who stated "Man this always happens. She starts a fight and I get arrested. She started yelling at me and we just got into it." When asked to clarify, he stated "Man, I'm going to jail again."

*Decl. of Prob. Cause* (May 5, 2021). The People determined that the Defendant was *not* eligible to proceed with the Deferred Plea Agreement and would not agree to offer a Deferred Plea. *See*

*Ntc. Re. Deft.'s Eligibility for Family Viol. Deferred Plea Agree. Pursuant to 9 GCA § 30.80 and 30.80.1* (Feb. 22, 2023).

**B.     The People oppose Defendant's Motion due to his escalating violent behavior and the Victim's sustained injuries.**

Defendant seeks an order of this Court granting a deferred plea pursuant to 9 GCA § 30.80.1(e),[1] arguing that "the facts of this case would not bar a deferred guilty plea for family violence." *Deft.'s Mot.* at 2. Defendant Poll submits that he has not been convicted of a felony involving violence within the last seven (7) years; has not previously participated in a diversion or deferred plea program for family violence; was not previously sentenced to an offense in violation of Chapter 30 of Title 9 of the Guam Code Annotated; and that the current charge does not involve allegations of serious bodily injury or a crime involving sexual conduct. *See Id.*

Because the People do not agree that the Defendant is eligible for a deferred plea as to the Family Violence charge, the Defendant further moves this Court to consider the factors as prescribed in § 30.80.2(a). In this matter, the Defendant submits that "serious bodily injury or criminal sexual penetration have not been alleged," and "there is nothing in this case that would indicate that the [D]efendant would not benefit from counseling." *Id.* at 3-4.

The People oppose Defendant's Motion and have declined to offer the Defendant a deferred plea on the grounds that the Defendant is not statutorily eligible for the deferred plea program pursuant to 9 GCA § 30.80.1. *See Ppl.'s Opp'n.* at 2. Further, the People declined to offer the

---

[1] "Any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this § 30.80.1 may apply to the court, by noticed motion for an order granting a deferred plea. The prosecuting attorney may oppose this application." 9 GCA § 30.80.1(e)

Defendant a deferred plea agreement because the Defendant was previously engaged in a prior deferred plea or diversion program in CM0771-04 pursuant to 9 GCA § 30.80.(a). *Id.* at 2-3.

The People further decline to offer a deferred plea agreement due to the circumstances and extent of the Victim's injuries. The People submit that Defendant's behavior began with him initiating an argument and becoming angry because the Victim called for police assistance the day before. *Id.* at 4. Defendant's behavior thereafter escalated to slapping the Victim, choking her, and covering her nose and mouth with his hands, thus cutting off her air supply. *Id.* The People also submit that the Defendant caused "serious bodily injury," by creating a "substantial risk of death when he cut off the Victim's air supply, so much so that the Victim felt as if she were about to pass out." *Id.*

The People also submit that the Defendant had previously benefitted from a deferred plea agreement for a family violence charge in a previous case. *Id.* at 5. Thus, the Defendant should have received the services necessary to address "the underlying issues that brough the Defendant into criminal court in the first place." *Id.*

## DISCUSSION

**A.      Statutory eligibility requirements for a Family Violence Deferred Plea.**

9 GCA § 30.80.1 provides the eligibility requirements under the deferred plea and includes an absolute bar to defendants who fall within 9 GCA §30.80.1(a)(1)-(4).

9 GCA §30.80.1(a)(1)-(4) provides the following eligibility requirements:

The following persons are ineligible for the deferred plea for family violence process:

(1) a defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;

(2) a defendant who has participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality;

(3) a defendant who has been sentenced for a violation of §30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or

(4) a defendant whose current charge involves serious bodily injury as defined in Subsection (c) of §16.10, Chapter 16 of this Title, or criminal sexual conduct involving sexual penetration as defined in Item (9) of Subsection (a) of §25.20, Chapter 25 of this Title, unless the court finds that due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice.

Of course, a defendant who is not automatically ineligible for a deferred plea based upon the conditions of preclusion is not guaranteed a deferred plea.[2] Instead, the law places the onus upon the prosecution, in the first instance, to determine eligibility and whether such a deferred plea would be extended to a defendant who qualifies:

(c) The prosecuting attorney *shall determine* whether the defendant is ineligible for deferral by reason of any of the factors set forth in Subsection (a) of this §30.80.1. If the prosecutor finds that the person is not ineligible, and will agree to a deferred pea, the prosecutor *shall notify* the defendant.

(d) If the prosecutor finds that the defendant is ineligible, or if the prosecutor will not agree to a deferral although the defendant is not excluded by reason of Subsection (a) of this §30.80.1, the prosecutor *shall notify* the defendant.

9 GCA §30.80.1(c), (d) (emphasis added).

The statute then provides that "any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this §30.80.1 may apply for the court, by notice for an order granting a deferred plea." 9 GCA §30.80.1(e).

In any event, under the deferred plea provisions of the Family Violence Act, the prosecutor is required to make a determination of eligibility and to notify the defendant of such eligibility; or, if he or she is eligible, but the prosecutor will not agree to a deferral, the prosecutor is still required to notify the defendant pursuant to Section 30.80.1(c) and (d). The People have satisfied the notice

---

[2] 9 GCA § 30.80.1(b) ("[t]he fact that a defendant is not made ineligible by Subsection (a) ... does not automatically entitle a defendant to the deferred guilty plea for family violence.").

requirement upon their filing of notice of Defendant ineligibility on February 22, 2023. Consequently, Defendant filed the instant Motion pursuant to Section 80.30.1(e).

Thus, the Court must now determine (1) if the defendant is not ineligible under Section 30.80.1 (a)(1)-(4), and (2) if the defendant is not ineligible - or to put it more clearly - if he is otherwise eligible, the trial court must then evaluate whether the defendant "would be benefited by a deferred guilty plea" by "considering the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement." 9 GCA § 30.80.2(a). The Court's decision in this matter shall be final and shall not constitute an appealable order. *See* 9 GCA § 30.80.2(d).

**B.     The Defendant is statutorily ineligible for a deferred plea.**

After reviewing the requirements and the facts of the Defendant's particular facts and circumstances, the Court finds that Defendant is not statutorily eligible for a Deferred Plea Agreement pursuant to Section § 30.80.1(a)(2). The Section reads as follows:

> (a) The following persons are *ineligible* for the deferred guilty plea for family violence process:
>
> ...
>
> > (2) a defendant who has *participated in a diversion or deferred plea program for family violence*, or a similar offense in Guam or another locality.

9 GCA § 30.80.1(a)(2) (emphasis added). Here, the Defendant previously participated in a diversion program for a family violence charge in 2004, and the case was dismissed and expunged.[3] The statute does not contemplate any time limitations for a prior participation in a

---

[3] 8 GCA § 11.11 defines "expungement" as "the sealing of records to all persons outside of the law enforcement agencies of Guam and federal agencies entitled thereto and a refusal by such agencies to admit the existence of such

family violence deferred plea or diversion program. Therefore, pursuant to Section 30.80.1(a)(2), the Defendant is statutorily ineligible to participate in the deferred guilty plea for family violence process.

## CONCLUSION

For the reasons set forth herein, the Court hereby finds that the Defendant is ineligible and not entitled to a deferred plea pursuant to 9 GCA §30.80.1. **IT IS HEREBY ORDERED** that the Defendant's Motion for an Order Granting a Deferred Plea is **DENIED**.

**SO ORDERED** this 23rd day of May, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
_AG, PDSC_

Date _5/23/25_ Time. _3:03pm_
_Albert Crbln on_
Deputy clerk , Superior Court of Guam

records to persons not entitled to examine them." The Court has the authority to review Defendant's prior expunged record for family violence in CM0771-04, and the Defendant impliedly waived his rights under 8 GCA § 11.10 by placing his prior history of participation in a diversion program or deferred plea at issue in this Motion. See *Allen v. Richardson*, 2018 Guam 2 ¶ 18 (citing *State Bar of Tex*, 440 S.W.3d 621, 624, 626 (Tex. 2014)("a person can, in effect, 'unexpunge' his records by putting those records at issue in another proceeding."). The expungement statute "is not intended 'to eradicate all evidence of wrongful conduct'.". *Id.* ¶13 (expungement is "limited to being the functional equivalent of sealing as opposed to the complete destruction of records.").